**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2599

_____

JEAN ISMAEL BIEN AIME NICOLAS,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of a Final Order of the
Board of Immigration Appeals
(Agency No. A203-156-307)
Immigration Judge: Tamar Wilson

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
June 21, 2022


Before: McKEE,* RESTREPO, and BIBAS, *Circuit Judges*

(Opinion filed: June 22, 2023)

_____

OPINION**

_____


McKEE, *Circuit Judge*.

---

* Judge McKee assumed senior status on October 21, 2022.
** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jean Ismael Bien Aime Nicolas petitions for review of the Board of Immigration Appeals' decision affirming the denial of his motion to continue and denying his motion for remand. We will deny the petition for review.[1]

## I.

The IJ granted Nicholas five continuances to allow him to obtain counsel and file a Form I-751 Petition to Remove Conditions on Residence—a form Nicolas had to file after his divorce to waive the joint petition requirement and to remove the conditional nature of his resident status. At the sixth hearing, Nicolas still had not filed a Form I-751. Nicolas' counsel informed the IJ that he had attempted to file his petition, but his fee waiver was rejected and the Form I-751 had been returned. After recognizing Nicolas' lengthy detention and many previous continuances, the IJ denied a further continuance as there were no pending applications for relief.

The BIA affirmed the IJ's denial of Nicolas' last motion for a continuance. The BIA agreed with the IJ's reasons for denying the continuance, including that there were no pending applications for relief. Additionally, the BIA held that "[i]rrespective of the circumstances surrounding the filing status of the Form I-751," denial of the continuance was appropriate due to the "unlikelihood" that Nicolas would receive a grant of a waiver petition as a matter of discretion because of his indictment for several serious offenses.[2]

---

[1] We have jurisdiction to review the BIA's order under 8 U.S.C. § 1252(a)(1).

[2] AR 3. These offenses included "armed robbery inflicting or with the use of force, kidnapping, possession of a weapon for unlawful purposes, unlawful possession of a handgun without a permit, terroristic threats, a non-caregiver endangering the welfare of a child by abuse/neglect/sexual act, and resisting arrest by use or threat of force." AR 3.

The BIA also denied Nicolas' motion for a remand because Nicolas "would not warrant the grant of a waiver petition as a matter of discretion."[3] The BIA found that Nicolas' allegations of ineffective assistance of counsel did not merit a remand because Nicolas could not demonstrate prejudice since he "would not warrant any of the forms of relief he seeks as a matter of discretion."[4]

**II.[5]**

We review a denial of a continuance for abuse of discretion.[6] A denial of a continuance "should be reversed only if it is arbitrary, irrational or contrary to law."[7] Nicolas argues that the IJ failed to consider whether there was good cause for a continuance. As noted, the IJ did not reach a good cause determination because no application for relief was then pending. "Where, as here, an alien has failed to submit a . . . petition, an IJ's decision to deny the alien's continuance request is squarely within the IJ's broad discretion . . . ."[8] Here, as the BIA concluded, it was also appropriate to deny

---

The BIA recognized that Nicolas was not convicted of most of these charges but found them relevant to the discretionary analysis. Additionally, the BIA recognized that Nicolas had lived in the United States for more than a decade and had U.S. citizen children but found that these positive equities did not outweigh the negative factors that counseled against a discretionary waiver.

[3] AR 3–4. The BIA also noted that there was no reason to remand to enable Nicolas to apply for cancellation of removal because he was "statutorily ineligible." AR 4 n.1.

[4] AR 4.

[5] If the BIA "'affirmed and partially reiterated' the IJ's determinations, we review both decisions." *Blanco v. Att'y Gen.*, 967 F.3d 304, 310 (3d Cir. 2020) (quoting *Sandie v. Att'y Gen.*, 562 F.3d 246, 250 (3d Cir. 2009)).

[6] *Khan v. Att'y Gen.*, 448 F.3d 226, 233 (3d Cir. 2006).

[7] *Id.*

[8] *Id.* at 234.

this additional continuance request given the many previous continuances and the fact that Nicolas was unlikely to merit relief as a matter of discretion.

Nicolas also claims that the denial of his continuance request violated his due process rights because the IJ denied him an opportunity to show good cause for a continuance. Nicolas' "due process argument merely recasts his abuse-of-discretion argument in constitutional terms and can be denied for the reasons already stated."[9] Additionally, Nicolas cannot demonstrate the requisite prejudice because, as the BIA determined, he does not merit relief as a matter of discretion.[10]

Moreover, Nicolas challenges the BIA's denial of his motion to remand. "We review the denial of a motion to remand for abuse of discretion, but 'questions of law, such as whether the BIA applied the correct legal standard in considering the motion to [remand] and the underlying claim of denial of due process, are . . . reviewed de novo.'"[11] Nicolas contends that the BIA should have granted his motion to remand because he was denied due process when he received ineffective assistance of counsel. To succeed on an ineffective assistance of counsel claim, Nicolas "must demonstrate that 'competent counsel would have acted otherwise' and that he was 'prejudiced by counsel's poor

---

[9] *Id.* at 236.

[10] *See id.* at 236. Nicolas "does not contest that the Board may look to the contents of an indictment when making a discretionary determination" but argues that he was denied due process because the BIA did not give "individualized consideration" to the fact that, while he was indicted for several serious charges, he was only convicted of possession of a handgun without a permit to carry. Opening Br. 22. Contrary to Nicolas' contention, the BIA explicitly recognized that Nicolas "was not convicted of most of these charges," but nonetheless found "they remain[ed] relevant to the discretionary analysis." AR 3.

[11] *Calderon-Rosas v. Att'y Gen.*, 957 F.3d 378, 383 (3d Cir. 2020) (quoting *Fadiga v. Att'y Gen.*, 488 F.3d 142, 153–54 (3d Cir. 2007)).

4

performance.'"[12] The BIA denied Nicolas' motion for remand because he could not demonstrate prejudice. Nicolas argues that the BIA decided there was no prejudice based on the incorrect legal conclusion that his conviction for possession of a weapon without a permit to carry could serve as a separate basis for removal. However, the BIA never concluded that Nicolas' conviction was a basis for removal. Rather, it denied his motion to remand because Nicolas would be ineligible for relief as a matter of discretion.

Nicolas further contends that the BIA erred by deciding as a matter of discretion that he would not succeed on his not yet filed Form I-751 due to the alleged deficient performance of Nicolas' counsel. However, the BIA did not err because a "'leap ahead' denial of a motion to remand" is permissible.[13] In deciding a motion to remand "in cases in which the ultimate grant of relief is discretionary . . . , the BIA may leap ahead, as it were, over . . . threshold concerns . . . and simply determine that even if they were met, the movant would not be entitled to the discretionary grant of relief."[14]

## III.

For the above reasons, we will affirm the BIA's decision and deny the petition for review.

---

[12] *Id.* at 388 (quoting *Fadiga*, 488 F.3d at 157).
[13] *Korytnyuk v. Ashcroft*, 396 F.3d 272, 284 (3d Cir. 2005).
[14] *Id.* at 282–83 (quoting *INS v. Abudu*, 485 U.S. 94, 105 (1988)).